FILED

JAN 1 3 2022

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____
DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

SA22CA0031 XR

| | | |
|---|---|---|
| **SAMANTHA NICHOLE HOUSTON GOODALE, Individually and As Next Friend of L.R.G., Minor Child of RANDALL GLEN GOODALE, JR., Deceased,** | § § § § | |
| **Plaintiff,** | § § | |
| **V.** | § § | **CIVIL ACTION NO. _____** |
| **MARK SEGUIN, NATHAN BUNDY, and THE CITY OF SAN ANTONIO, TEXAS,** | § § § § | |
| **Defendants.** | § | **DEMAND FOR JURY TRIAL** |

**PLAINTIFF'S COMPLAINT**

**NOW COMES** Plaintiff, Samantha Nichole Houston Goodale, Individually and As Next Friend of L.R.G., Minor Child of Randall Glen Goodale, Jr., Deceased, and file this her Complaint and Demand for Jury Trial against Defendants, Mark Seguin, Nathan Bundy and The City of San Antonio, Texas (collectively, "Defendants") and for cause would show unto this Court as follows:

**A. INTRODUCTION**

1.     Plaintiff, Samantha Nichole Houston Goodale, Individually and As Next Friend of L.R.G., Minor Child of Randall Glen Goodale, Jr., Deceased, (collectively, "Plaintiff") brings this action against Defendant Mark Seguin, a Deputy U.S. Marshal, in his individual capacity, pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971) for violations of Decedent Randall Glen Goodale, Jr.'s individual constitutional rights guaranteed by the Fourth, Fifth and Fourteenth Amendments of the United States Constitution.

2.      Plaintiff also brings this action against Defendant Nathan Bundy, a San Antonio Police Officer, in his individual capacity, pursuant to 42 U.S.C. § 1983 and the Fourth, Fifth and Fourteenth Amendments of the United States Constitution. In the event that Defendant Nathan Bundy is subject to liability as a federal officer for being a state or local police officer working on a federal/state task force or other joint operation with the federal government or its agents, namely the Lone Star Fugitive Task Force, then Plaintiff brings this cause of action against said Defendant,  in his individual capacity, pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971) for violations of Decedent Randall Glen Goodale, Jr.'s individual constitutional rights guaranteed by the Fourth, Fifth and Fourteenth Amendments of the United States Constitution.

3.      Plaintiff further brings this action against the City of San Antonio, Texas for damages pursuant to 42 U.S.C. §1983 and §1988 and the Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

4.      Jurisdiction is based upon 28 U.S.C. §§ 1331 and 1343, and pursuant to 28 U.S.C. §1367(a).

5.      On January 13, 2020, Deputy U.S. Marshal Mark Seguin (hereafter "DUSM Seguin"), while acting in the course and scope of his employment as a federal officer, used unlawful deadly force in shooting and killing Randall Glen Goodale, Jr. (hereinafter "Mr. Goodale", "Decedent" or "Decedent Goodale").

6.      On January 13, 2020, San Antonio Police Officer Nathan Bundy (hereafter "Officer Bundy"), while acting in the course and scope of his employment as a municipal police officer, used unlawful deadly force in shooting and killing Mr. Goodale.

7.     At the time of the shooting, Decedent Goodale had no weapon of any kind on or near his person and was not threatening the federal or local police officer.

8.     DUSM Seguin made an unreasonable seizure of the person of Mr. Goodale, violating his rights under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution and ultimately, depriving him of his life. The Supreme Court of the United States in *Bivens* held that a violation of a person's constitutional rights by federal officers, acting under color of federal law, gives rise to a federal cause of action for damages for the unconstitutional conduct. As such, victims of a violation of the United States Constitution by a federal officer have a right under *Bivens* to recover damages against the officer in federal court despite the absence of any statute conferring such a right.

9.     Officer Bundy made an unreasonable seizure of the person of Mr. Goodale, violating his rights under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution and ultimately, depriving him of his life.

10.    Officer Bundy's constitutional violations were committed as a result of policies and customs of the City of San Antonio, Texas (hereafter "COSA") that enabled its agents and employees to act with deliberate indifference to Decedent's constitutional rights, as well as the improper hiring, inadequate training and supervision of Officer Bundy by COSA. COSA is liable under 42 U.S.C. §1983 for acting with deliberate indifference, thus breaching its duty to provide Officer Bundy with adequate supervision and training regarding the use of reasonable force.

11.    Plaintiff herein complies with the pleading requirements of Fed. R. Civ. P. Rule 8(a)(2) and the requirements of *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949-50 (2009) in that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

## B. PARTIES

12.     At all times herein mentioned, Decedent, Randall Glen Goodale, Jr., was a citizen of the United States of America and a resident of Bexar County, Texas.

13     Plaintiff, Samantha Nichole Houston Goodale, Individually and As Next Friend of L.R.G., Minor Child of Randall Glen Goodale, Jr., Deceased, brings this action as a citizen of the State of Texas who resides in Bexar County, Texas. Plaintiff, Samantha Nichole Houston Goodale, is the surviving spouse of Decedent Goodale, and biological mother of L.R.G., who is the biological daughter of Decedent Goodale.

14.     Defendant, Mark Seguin, is employed through the U.S. Marshals Service and works for the Lone Star Fugitive Task Force. He is sued in his individual capacity and may be served at the U.S. Marshal's Office for the Western District of Texas located at U.S. Courthouse, 655 East Cesar E. Chavez Blvd, Room 235, San Antonio, Texas 78206. Service is requested at this time.

15.     Pursuant to Fed. R. Civ. P. 4(i)(3) and 4(i)(1)(A)(ii), the United States of America may be served by delivering a copy of the summons and of the complaint by registered or certified mail to the Civil Process Clerk for the United States Attorney for the Western District of Texas at:

> Ms. Stephanie Rico
> Civil Process Clerk
> Office of the United States Attorney for the Western District of Texas
> 601 N.W. Loop 410, Suite 600
> San Antonio, Texas 78216-5597

> Service is requested at this time.

16.     Pursuant to Fed. R. Civ. P. 4(i)(3) and 4(i)(1)(B), the United States of America may also be served by sending a copy of the summons and complaint by registered or certified mail to the Attorney General of the United States at:

> Attorney General of the United States
> U.S. Department of Justice
> 950 Pennsylvania Avenue, NW
> Washington, DC 20530-0001

> Service is requested at this time.

17.     Defendant, Nathan Bundy, is a San Antonio Police Officer. He is sued in his individual capacity and may be served at the San Antonio Police Department Headquarters located at 315 South Santa Rosa Ave., San Antonio, Texas 78207. Service is requested at this time.

18.     Defendant, City of San Antonio, Texas is a municipality that operates the San Antonio Police Department and may be served through its Interim City Clerk, Debbie Racca-Sittre, at 100 Military Plaza, San Antonio, Texas 78205. Service is requested at this time.

## C. JURISDICTION & VENUE

19.     Plaintiff's cause of action arises under *Bivens* for violations of Randall Glen Goodale, Jr., Deceased's rights under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

20.     42 U.S.C. §1983 and 42 U.S.C. §1988 provide jurisdiction over Plaintiff's constitutional claims for redress, which are conferred on this Court by 28 U.S.C. §1343(a)(3).

21.     The jurisdiction of this Court is therefore founded on federal question jurisdiction pursuant to 28 U.S.C. §1331, because this action arises under the Constitution and laws of the United States.

22.     This Court also has pendant jurisdiction over all other claims asserted under the laws of the State of Texas, pursuant to 28 U.S.C. §1367(a).

23.     Venue is properly within this District pursuant to 28 U.S.C. §1391 since all of the acts or omissions complained of occurred in Bexar County, Texas, which lies in the Western District of Texas, San Antonio Division.

### D. FACTS

24.     On January 13, 2020, members of the Lone Star Fugitive Task Force were conducting surveillance pursuant to a federal felony warrant on Randall Glen Goodale, Jr. at 4418 Stetson View, San Antonio, Texas 78223.

25.     The Lone Star Fugitive Task Force was assisted by officers of the San Antonio Police Department.

26.     Based upon information and belief, Decedent Goodale was sitting in a truck in the front driveway of his friend's home located at 4418 Stetson View, San Antonio, Texas 78223.

27.     Upon information and belief, less than 20 seconds after officers blocked the driveway, exited their vehicles, and drew their weapons, DUSM Seguin and Officer Bundy fired multiple shots into the vehicle, each striking Mr. Goodale.

28.     Mr. Goodale died as a result of his injuries.

29.     Upon information and belief, Mr. Goodale was not in possession of any firearms or weapons at the time of his shooting and made no aggressive moves towards any law enforcement officer.

30.     Upon information and belief, and contrary to what was reported by San Antonio Chief of Police William McManus at the time, Mr. Goodale was not actively resisting arrest or attempting to evade arrest when he was shot.

31.     Upon information and belief, and contrary to what was reported by San Antonio Chief of Police William McManus at the time, Mr. Goodale did not pose an immediate threat to the safety of the officers or others by using the vehicle he was sitting in to 'ram occupied police vehicles.'

32.     Plaintiff has requested on multiple occasions all body-worn camera and dash-cam footage of the subject incident but have been unable to obtain the same due to a claimed pending investigation. Plaintiff will supplement and/or amend this pleading further once such materials and information are voluntarily made available to Plaintiff, sought through discovery, and/or obtained pursuant to the subpoena powers conferred by Federal Rule of Civil Procedure 45.

### E. CLAIMS FOR RELIEF FOR VIOLATION OF CIVIL RIGHTS

### PLAINTIFF'S FIRST CLAIM:
### VIOLATION OF CIVIL RIGHTS UNDER COLOR OF LAW (*BIVENS* ACTION)

33.     Plaintiff realleges the preceding paragraphs as though fully restated herein.

34.     This claim for relief is brought pursuant to *Bivens* for violations of Randall Glen Goodale, Jr.'s rights under the Fourth and Fifth Amendments of the United States Constitution when DUSM Seguin, a federal officer, used unlawful deadly force in shooting and killing Randall Glen Goodale, Jr. This claim for relief is to redress a deprivation, under color of authority, statute, ordinance, regulation, policy, custom, practice, or usage of a right, privilege, and immunity secured to Plaintiff and Decedent by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

35.     During all times mentioned herein, DUSM Seguin acted under color and pretense of federal statutes, ordinances, regulations, policies, practices, customs, and usages of the United States of America.

36.     On January 13, 2020, Randall Glenn Goodale, Jr. had the right under the Fourth Amendment to be free from unreasonable seizures and excessive force by law enforcement officers without probable cause, the right to be free from unreasonable searches and seizures of his person, and the right to be free from the unlawful taking of his life.

37.     On January 13, 2020, Randall Glenn Goodale, Jr. possessed the rights guaranteed by the Fifth Amendment to not be deprived of life and liberty without due process of law, including but not limited to the right not to suffer physical harm from persons acting under the color of law that is intentionally or wantonly inflicted or which is accomplished with deliberate, reckless, or callous indifference to his constitutional rights.

38.     On January 13, 2020, Randall Glenn Goodale, Jr. had the rights guaranteed by the Equal Protection Clause and the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

39.     On January 13, 2020, DUSM Seguin, while acting under color of federal law as an agent of the United States Marshal Service, intentionally deprived Randall Glenn Goodale, Jr. of his Fourth Amendment right to be free from unreasonable seizure by subjecting him to excessive force by fatally shooting him.

40.     On January 13, 2020, DUSM Seguin, while acting under color of federal law as an agent of the United States Marshal Service, intentionally violated Randall Glenn Goodale, Jr.'s rights guaranteed by the Fifth Amendment to not be deprived of life and liberty without Due Process of law, including but not limited to the right not to suffer physical harm from persons acting under color of law that is intentionally or wantonly inflicted or which is accomplished with deliberate, reckless, or callous indifference to his constitutional rights. While acting under color of federal law as an agent of the United States Marshal Service, DUSM Seguin was

motivated by evil intent and conduct in which he engaged in by use of excessive force in lethally shooting Randall Glenn Goodale, Jr. and this conduct showed reckless or callous indifference to his Constitutional rights.

41.    DUSM Seguin, by using such unreasonable force, caused injury and damage to Randall Glenn Goodale, Jr., ultimately resulting in his death.

42.    At the time of the January 13, 2020, shooting, Randall Glenn Goodale, Jr. was not in possession of a firearm or other weapon, made no aggressive moves towards any law enforcement officer, was not actively resisting arrest or attempting to evade arrest, and did not pose an immediate threat to the safety of the officers or others.

43.    The shooting by DUSM Seguin was entirely unjustified by any action of Randall Glenn Goodale, Jr., and said shooting constituted an unreasonable and excessive use of force in violation of Randall Glenn Goodale, Jr.'s guaranteed rights under the Fourteenth Amendment of the United States Constitution.

44.    DUSM Seguin acted specifically with the intent to deprive Randall Glenn Goodale, Jr. of the following rights and privileges guaranteed under the United States Constitution:

(a)    Freedom from unreasonable seizures, in the form of excessive force;

(b)    Freedom from a deprivation of life and liberty without Due Process of law; and

(c)    Equal protection of the laws.

45.    After being shot multiple times, Randall Glenn Goodale, Jr. suffered severe internal injuries resulting in his death. Decedent suffered severe physical, emotional, and psychological damage as a result of the conduct of DUSM Seguin.

46.     DUSM Seguin subjected Decedent to the aforementioned deprivations by either actual malice or deliberate indifference and disregard of Decedent's civil rights.

47.     As a direct and proximate result of the aforementioned acts of DUSM Seguin, Randall Glenn Goodale, Jr. and Plaintiff suffered general damages in the form of conscious pain and suffering, the loss of the value of Decedent's life, and the loss of aid comfort, love, and society, and for funeral and burial expenses, for which Plaintiff seeks compensatory damages against DUSM Seguin in his individual capacity.

48.     In the event that Officer Bundy is subject to liability as a federal officer for being a state or local police officer working on a federal/state task force or other joint operation with the federal government or its agents, namely the Lone Star Fugitive Task Force, then Plaintiff brings this cause of action against said Defendant,  in his individual capacity, pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971) for violations of Decedent Randall Glen Goodale, Jr.'s individual constitutional rights guaranteed by the Fourth, Fifth and Fourteenth Amendments of the United States Constitution, as detailed herein.

## PLAINTIFF'S SECOND CLAIM:
### VIOLATION OF CIVIL RIGHTS - EXCESSIVE FORCE – 42 U.S.C. §1983

49.     The Civil Rights Acts, as codified at 42 U.S.C. § 1983, provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom or usage, of any state or territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or any other person within the jurisdiction thereof to the deprivation of any laws, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

> 42 U.S.C. § 1983.

50.     Plaintiff realleges the preceding paragraphs as though fully restated herein.

51.     This claim for relief is brought against Officer Bundy, individually, pursuant to 42 U.S.C. §1983 for violations of Randall Glen Goodale, Jr.'s rights under the Fourth and Fifth Amendments of the United States Constitution when the municipal police officer used unlawful deadly force in shooting and killing Randall Glen Goodale, Jr. This claim for relief is to redress a deprivation, under color of authority, statute, ordinance, regulation, policy, custom, practice, or usage of a right, privilege, and immunity secured to Plaintiff and Decedent by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

52.     On January 13, 2020, Randall Glenn Goodale, Jr. had the right under the Fourth Amendment to be free from unreasonable seizures and excessive force by law enforcement officers without probable cause, the right to be free from unreasonable searches and seizures of his person, and the right to be free from the unlawful taking of his life.

53.     On January 13, 2020, Randall Glenn Goodale, Jr. possessed the rights guaranteed by the Fifth Amendment to not be deprived of life and liberty without due process of law, including but not limited to the right not to suffer physical harm from persons acting under the color of law that is intentionally or wantonly inflicted or which is accomplished with deliberate, reckless, or callous indifference to his constitutional rights.

54.     On January 13, 2020, Randall Glenn Goodale, Jr. had the rights guaranteed by the Equal Protection Clause and the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

55.     On January 13, 2020, Officer Bundy, while acting under color of law as a police officer with the San Antonio Police Department, intentionally deprived Randall Glenn Goodale,

Jr. of his Fourth Amendment right to be free from unreasonable seizure by subjecting him to excessive force by fatally shooting him.

56.     On January 13, 2020, Officer Bundy, while acting under color of law as a police officer with the San Antonio Police Department, intentionally violated Randall Glenn Goodale, Jr.'s rights guaranteed by the Fifth Amendment to not be deprived of life and liberty without Due Process of law, including but not limited to the right not to suffer physical harm from persons acting under color of law that is intentionally or wantonly inflicted or which is accomplished with deliberate, reckless, or callous indifference to his constitutional rights. While acting under color of law as a police officer with the San Antonio Police Department, Officer Bundy was motivated by evil intent and conduct in which he engaged in by use of excessive force in lethally shooting Randall Glenn Goodale, Jr. and this conduct showed reckless or callous indifference to Decedent's Constitutional rights.

57.     Officer Bundy, by using such unreasonable force, caused injury and damage to Randall Glenn Goodale, Jr., ultimately resulting in his death.

58.     At the time of the January 13, 2020, shooting, Randall Glenn Goodale, Jr. was not in possession of a firearm or other weapon, made no aggressive moves towards any law enforcement officer, was not actively resisting arrest or attempting to evade arrest, and did not pose an immediate threat to the safety of the officers or others.

59.     The shooting by Officer Bundy was entirely unjustified by any action of Randall Glenn Goodale, Jr., and said shooting constituted an unreasonable and excessive use of force in violation of Randall Glenn Goodale, Jr.'s guaranteed rights under the Fourteenth Amendment of the United States Constitution.

60.     Officer Bundy's use of unreasonable, unnecessary, and excessive force violated Decedent's clearly established constitutional rights and was not objectively reasonable in light of the circumstances.

61.     Officer Bundy acted specifically with the intent to deprive Randall Glenn Goodale, Jr. of the following rights and privileges guaranteed under the United States Constitution:

        (a)     Freedom from unreasonable seizures, in the form of excessive force;

        (b)     Freedom from a deprivation of life and liberty without Due Process of law; and

        (c)     Equal protection of the laws.

62.     Despite Officer Bundy having actual awareness of the protections afforded to Mr. Goodale, Officer Bundy violated his constitutional rights and caused his wrongful death.

63.     Officer Bundy acted willfully, deliberately, maliciously, or with reckless disregard for Decedent's established constitutional rights in light of the circumstances.

64.     After being shot multiple times, Randall Glenn Goodale, Jr. suffered severe internal injuries resulting in his death. Decedent suffered severe physical, emotional, and psychological damage as a result of the conduct of Officer Bundy.

65.     Officer Bundy subjected Decedent to the aforementioned deprivations by either actual malice or deliberate indifference and disregard of Decedent's civil rights.

66.     As a direct and proximate result of the aforementioned acts of Officer Bundy, Randall Glenn Goodale, Jr. and Plaintiff suffered general damages in the form of conscious pain and suffering, the loss of the value of Decedent's life, and the loss of aid comfort, love, and

society, and for funeral and burial expenses, for which Plaintiff seeks compensatory damages against Officer Bundy in his individual capacity.

**PLAINTIFF'S THIRD CLAIM:**
**VIOLATION OF CIVIL RIGHTS – *MONELL* LIABILITY AGAINST**
**CITY OF SAN ANTONIO, TEXAS – 42 U.S.C. §1983**

67.    Plaintiff realleges the preceding paragraphs as though fully restated herein.

68.    The City of San Antonio, Texas had the following policies and/or practices in place at the time of subject incident:

    (a)    Inadequate supervision and/or training of its officers concerning the use of deadly force;

    (b)    Inadequate early warning or red flag system to identify potentially dangerous officers for further review;

    (c)    Inadequate discipline for and/or tolerating the use of excessive force; and

    (d)    Adopting, ratifying, approving and condoning the use of excessive force, including but not limited to, with attempts to mislead the public into believing deadly force was warranted without any investigation of the circumstances.

69.    These policies and customs enabled COSA's agents and employees to act with deliberate indifference to Decedent's constitutional rights.

70.    Based upon information and belief, Decedent Goodale was sitting in a truck in the front driveway of his friend's home located at 4418 Stetson View, San Antonio, Texas 78223.

71.    Upon information and belief, less than 20 seconds after officers blocked the driveway, exited their vehicles, and drew their weapons, DUSM Seguin and Officer Bundy fired multiple shots into the vehicle, each striking Mr. Goodale.

72.     Mr. Goodale died as a result of his injuries.

73.     Upon information and belief, Mr. Goodale was not in possession of any firearms or weapons at the time of his shooting and made no aggressive moves towards any law enforcement officer.

74.     Upon information and belief, Mr. Goodale was not actively resisting arrest or attempting to evade arrest when he was shot.

75.     Upon information and belief, Mr. Goodale did not pose an immediate threat to the safety of the officers or others.

76.     Shortly after the officer-involved shooting was reported, San Antonio Police Chief William McManus was interviewed by local news media and attempted to justify the shooting of Decedent by reporting, "When task force members arrived at the scene, they surrounded the individual and he started ramming into occupied police vehicles."

77.     Upon information and belief, additional high-ranking officers and detectives with the San Antonio Police Department (hereafter "SAPD") continued to use that version of events in their report on the subject incident and in affidavits for search warrants of the vehicle Decedent was shot through and the home where the vehicle was located.

78.     Upon information and belief, rather than investigating the subject incident in an impartial manner, COSA, as it has done in the past, immediately adopted the officer's version of events in an attempt to justify its officer's use of deadly force to the public rather than determine the truth of what occurred.

79.     Upon information and belief, this is a persistent, widespread practice of COSA officials or employees, which, although not authorized by officially adopted and promulgated

policy, is so common and well settled as to constitute a custom that fairly represents municipal policy.

80.     Upon information and belief, surveillance footage from the home where the subject incident took place later contradicted the events leading up to the shooting as reported by SAPD.

81.     Upon information and belief, SAPD pulled their detectives from the U.S. Marshals Lone Star Fugitive Task Force after the surveillance footage was released to the media by the homeowner and four days after Decedent was shot and killed.

82.     The City of San Antonio, Texas' policies, practices and customs were the moving force behind Mr. Goodale's death and caused Mr. Goodale to be deprived of his protected life and liberty interests and his constitutional right to be free from unlawful search and seizure.

83.     As a direct and proximate result of COSA's policies and customs, Randall Glenn Goodale, Jr. and Plaintiff suffered general damages in the form of conscious pain and suffering, the loss of the value of Decedent's life, and the loss of aid comfort, love, and society, and for funeral and burial expenses.

### F. DAMAGES

84.     The actions and/or omissions of the Defendants which deprived Mr. Goodale of his civil rights under the Unites States Constitution, proximately caused the wrongful death of Randall Glenn Goodale, Jr. and the injuries and damages suffered by Plaintiff.

85.     Accordingly, Plaintiff asserts claims under *Bivens* for violations of Decedent's civil rights.

86.     Plaintiff further asserts claims under 42 U.S.C. §1983 and the Texas Wrongful Death and Survival Statutes for violations of Decedent's civil rights.

87.     Plaintiff seeks damages in excess of $75,000.00 for the violations of Mr. Goodale's Fourth, Fifth and Fourteenth Amendment rights as detailed herein.

88.     These damages are in excess of the minimal jurisdictional limits of this Court.

89.     Plaintiff hereby pleads for the following damages recoverable by law:

   (a)   **Estate of Randall Glen Goodale, Jr.:**

      i.     Conscious pain and suffering; and

      ii.    Funeral and burial expenses.

   (b)   **Samantha Nichole Houston Goodale, Individually and As Next Friend of L.R.G., Minor Child of Randall Glen Goodale, Jr., Deceased:**

      i.     Loss of the value of Decedent's life;

      ii.    Loss of love, aid, comfort, companionship and society;

      iii.   Conscious pain and suffering; and

      iv.    Mental anguish.

## G. EXEMPLARY DAMAGES

90.     In conjunction with all of the foregoing and due to the Defendants intentional acts as described above, or for those done willfully, deliberately, maliciously or with reckless disregard for Mr. Goodale's constitutional rights, Plaintiff asks the jury to determine the proper amount of exemplary damages.

## H. ATTORNEY'S FEES

91.     Plaintiff has been required to retain the services of experienced attorneys to represent her and her minor child in this complex and difficult proceeding and cause of action. Plaintiff has retained the undersigned attorneys, and pursuant to 42 U.S.C. §1988(b) of the Federal Civil Rights Act, Plaintiff is entitled to recover reasonable and necessary fees incurred

for these attorneys, and the reasonable and necessary expenses incurred in the pursuit of this claim at the trial level, the Court of Appeals level if the case is appealed to that Court, and in the Supreme Court of the United States, if necessary.

## I. DEMAND FOR JURY TRIAL

92.    Plaintiff, Samantha Nichole Houston Goodale, Individually and As Next Friend of L.R.G., Minor Child of Randall Glen Goodale, Jr., Deceased, asserts her right under the Seventh Amendment to the U.S. Constitution and demands, in accordance with Federal Rule of Civil Procedure 38, a trial by jury on all issues.

## J. PRAYER

93.    For these reasons, Plaintiff asks that Defendants be summoned and required to answer herein accordingly to law, that this cause be set for trial before a jury, and that Plaintiff recovers judgment of and from Defendants for the following:

a.    Compensatory general damages as alleged herein;

b.    Judgment against Defendants, jointly and severally, in favor of Plaintiff, for actual damages pursuant to 42 U.S.C. §1983;

c.    Statutory and reasonable attorney's fees and expenses of litigation pursuant to 42 U.S.C. §1988(b) of the Federal Civil Rights Act, including those fees permitted under a *Bivens* action;

d.    Exemplary damages in an amount to be determined by a jury and this Court;

e.    Prejudgment interest according to proof;

f.    Post-judgment interest as allowed by law; and

g.    All other relief the Court deems just or proper.

Dated:  January 13, 2022

Respectfully submitted,

**LAW OFFICES OF MALONEY & CAMPOLO**
925 S. Alamo Street
San Antonio, TX 78205
(210) 922-2200
(210) 923-1313 fax

BY:   /s/ Tim Maloney
        TIM MALONEY
        State Bar Number:  12887380
        tmaloney@maloneyandcampolo.com
        ERIC CAMPOLO
        State Bar Number:  24094579
        ecampolo@maloneyandcampolo.com

**AND**

**TOSCANO LAW FIRM, PC**
846 Culebra Road, Suite 500
San Antonio, TX 78201
(210) 951-0696
(210) 201-7381 fax
toscanolawfirm@gmail.com

BY:   /s/ Patrick J. Toscano
        PATRICK J. TOSCANO
        State Bar Number:  24025684

**ATTORNEY FOR PLAINTIFF**